**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **DUANE YATES, KENNETH DOSS, DAVID SOTO, CONNOR GIBBS,** individually and on behalf of those similarly situated,<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BETH SKINNER, in her Official Capacity as Director of the IDOC; WILLIAM SPERFSLAGE and ROBIN BAGBY, in their Official Capacities with the IDOC; SHAWN HOWARD, in his Official Capacity as Warden of Newton Correctional Facility; CRAIG ANDREW and SEAN CRAWFORD, in their Official Capacity as Assistant Wardens of Newton Correctional Facility; JOHN MAYES, JEFF PANKNEN, WILLIAM SCOFIELD, MICHELLE HUMISTON, MORGAN VINCENT, and AUDIA RAMOS, in their Official Capacities at Newton Correctional Facility; and IOWA DEPARTMENT OF CORRECTIONS**<br><br>**Defendants.** | Civil No.: 21-cv-348<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND, REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTION** |

**COME NOW** the Plaintiffs, Duane Yates, Kenneth Doss, David Soto, and Connor Gibbs, by and through the undersigned counsel, and for their request for declaratory judgment, injunctive relief, causes of action respectfully state the following:

**INTRODUCTION**

1.      This case arises out of the Iowa Department of Corrections' ("IDOC") administration and operation of the IDOC's Sex Offender Treatment Program ("SOTP") at the Newton Correctional Facility ("NCF"), as well as other issues at NCF.  The policies, procedures, and practices of the IDOC and its employees have resulted in violations of the constitutional and statutory rights of the Plaintiffs.

2.      The IDOC regularly removes incarcerated individuals from the SOTP for arbitrary and irrelevant reasons. The IDOC's decision to unreasonably remove inmates from the SOTP without good cause violates the inmates' constitutional rights.

3.      The guards at NCF perform excessive and unnecessary searches of inmates' cells without any reason other than to harass and intimidate the inmates. These searches occur frequently at NCF, often as a retaliatory act against inmates. Along with excessive cell searches, NCF frequently opens legal mail sent by inmates. The inmates are also regularly refused access to the legal library at NCF. The state of the cells at NCF are grossly below standard. The roof leaks into the cells, and the cells are not cleaned frequently enough, including the toilets. These actions by IDOC and NCF are violations of the inmates' constitutional rights.

4.      Accordingly, Plaintiffs, Duane Yates, Kenneth Doss, David Soto, and Connor Gibbs bring this action for a declaratory judgment, injunctive relief, violations of 42 U.S.C. § 1983, and violations of the Iowa Constitution.

## PARTIES

### I.    Plaintiffs

5.    Plaintiff Duane Yates is incarcerated at Newton Correctional Facility in Newton, Jasper County, Iowa, and is a citizen and resident of Iowa at all times material hereto.

6.    Plaintiff Kenneth Doss is incarcerated at Newton Correctional Facility in Newton, Jasper County, Iowa, and is a citizen and resident of Iowa at all times material hereto.

7.    Plaintiff David Soto is incarcerated at Newton Correction Facility in Newton, Jasper County, Iowa, and is a citizen and resident of Iowa at all times material hereto.

8.    Plaintiff Connor Gibbs is incarcerated at Newton Correctional Facility in Newton, Jasper County, Iowa, and is a citizen and resident of Iowa at all times material hereto.

### II.    Defendants

9.    Defendant Beth Skinner is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Skinner was/is the Director of the Iowa Department of Corrections (IDOC) during the time relevant to the events complained of herein.

10.    Defendant Willaim Sperfslage is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Sperfslage was/is the deputy director of institutions with the IDOC during the times relevant to the events complained of herein.

11.    Defendant Robin Bagby is believed to be a citizen and resident of Iowa.

Based on information and belief, Defendant Bagby was/is the assistant director of the IDOC during the times relevant to the events complained of herein.

12.    Defendant Shawn Howard is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Howard is the warden of Newton Correctional Facility (NCF) during the times relevant to the events complained of herein.

13.    Defendant Craig Andrew is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Andrew is an Assistant Warden who oversees the SOTP and CVSA programs during the times relevant to the events complained of herein.

14.    Defendant Sean Crawford is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Crawford is an Assistant Warden who oversees the SOTP and CVSA programs during the times relevant to the events complained of herein.

15.    Defendant John Mayes is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Mayes was/is the unit manager for cell house unit D during the times relevant to the events complained of herein.

16.    Defendant Jeff Panknen is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Panknen was/is the unit manager for cell house unit B during the times relevant to the events complained of herein.

17.    Defendant William Scofield is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Schofield was/is a counselor and facilitator for the Sex Offender Treatment Program (SOTP) during the times relevant to the events

4

complained of herein.

18.    Defendant Michelle Humiston is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Humiston was/is a counselor and facilitator for the SOTP during the times relevant to the events complained of herein.

19.    Defendant Morgan Vincent is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Vincent is believed to be a counselor and facilitator of the SOTP during the times relevant to the events complained of herein.

20.    Defendant Audia Ramos is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Ramos is believed to be a unit manager at NCF during the times relevant to the events complained of herein.

21.    Defendant Iowa Department of Corrections is a recognized department within the State of Iowa that is responsible for the control, treatment, and rehabilitation of offenders committed under law to Iowa's penitentiaries and correctional facilities. *See* Iowa Code § 904.102.

### III.    Putative Class

22.    Plaintiffs properly maintain this action for themselves, and as a class action pursuant to Federal Rules of Civil Procedure 23 for all other who have been denied certain constitutional and statutory rights with regard to the SOTP that is established by the IDOC and administered at the NCF. Those persons for, and on whose behalf, this action is brought herein shall be referred as the "Putative Class."

23.    The Putative Class is defined as individuals who are incarcerated and, now or in the future, have been required by the IDOC to participate in and complete the SOTP

prior to discharge. All inmates who are required by Iowa law and/or regulation to participate and complete the SOTP prior to discharge are members of the Putative Class.

24.     The Putative Class is sufficiently numerous that joinder of all members is impracticable. Based on information or belief, the IDOC classifies between 800 and 1,000 incarcerated individuals as required to complete the SOTP prior to discharge, and the maximum capacity of the SOTP is approximately 200 at any given time. Further, the fluid nature of the Putative Class, with inmates entering or being discharged or excluded, and in some cases completing the SOTP, as well as the unknown identity of future participants in the SOTP, makes joinder impracticable.

25.     Plaintiffs raise questions of fact and law that are common to all members of the Putative Class.

26.     Questions of fact and law common to the Putative Class include, but are not limited to:

   a.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by failing to regularly schedule SOTP in order to allow participants, who are otherwise willing and desire to complete the SOTP, to efficiently complete the program;

   b.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by compelling self-incriminating statement in order to complete SOTP;

   c.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by exercising deliberate disregard for the serious psychological or psychiatric needs of inmates required to participate in the SOTP;

   d.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by failing to

provide humane confinement conditions;

e.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by treating inmates required to complete sex-offender treatment so unequally as to disadvantage those inmates in relation to inmates required to complete other treatment programs administer by IDOC.

27.     The claims that the named Plaintiffs raised herein, and the resulting harms and substantial risks of serious harm, are typical to those of the Putative Class.

28.     The named Plaintiffs will fairly and adequately represent and protect the interests of the Putative Class.

29.     Named Defendants have acted or refused to act on rounds that are generally applicable to the Putative Class and injunctive and declaratory relief are appropriate with respect to the Putative Class as a whole.

## JURISDICTION AND VENUE

30.     Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

31.     The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

32.     All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

### I.     Department of Corrections Generally

33.     Defendant IDOC controls and operates two penitentiaries and at least five correctional facilities across Iowa, including the Newton Correctional Facility.

34.     The IDOC is responsible for the treatment and rehabilitation of all

individuals committed to its custody within each penitentiary and/or correctional facility.

35.    Incarcerated individuals, including all plaintiffs herein, are commonly required to participate in treatment programs administered by the IDOC, including but not limited to substance abuse treatment programming, batterers' treatment programming, and sex offender treatment programming.

36.    While many treatment programs administered by the IDOC are established by statute, sex offender treatment programming is not established by, provided for, or otherwise described by Iowa law.

37.    An inmate required to participate in sex offender treatment programming is not eligible for a reduction of sentence unless and until the inmate "participates in and completes" a sex offender treatment program.

**II.    Sex Offender Treatment Program**

38.    In or around 1984, the IDOC established a treatment program for individuals incarcerated for certain sex offenses, as defined by state or federal law. The treatment program is known as the Sex Offender Treatment Program, or "SOTP."

39.    Based upon information and belief, the IDOC established the SOTP in accordance with its general statutory obligation to provide appropriate treatment and rehabilitation for individuals within its custody.

40.    The primary purpose of the SOTP is to provide appropriate treatment and rehabilitation for individuals while incarcerated.

41.    Based on current IDOC policies and procedures, the SOTP includes programming for incarcerated individuals, in addition to programming for individuals not

in custody, commonly referred to as "community-based corrections."

42.    As it relates to programming for incarcerated individuals, the SOTP must meet the standards and requirements set by the Iowa Board for the Treatment of Sexual Abusers ("IBTSA"), a non-profit corporation registered in the State of Iowa comprised of state and county officers, law enforcement, private health providers, and other at-large individual members. *See* Iowa Admin. Code r. 201—38.4(5)(*b*).

43.    One of the functions of the IBTSA is to administer the certification process for professionals seeking to provide treatment and rehabilitation services to individuals convicted of sex offenses.

44.    The IBTSA promulgates comprehensive Program Standard and Curriculum Guidelines for the purpose of providing guidance to professionals who provide treatment and rehabilitation services to individuals convicted of sex offenses. *See* Iowa Admin. Code r. 201—38.4(5)(*b*).

45.    The SOTP created, operated, and administered by the IDOC is the only treatment program accessible to Iowa inmates that the IDOC and IBTSA recognizes as providing treatment and rehabilitation for purposes of, and within the meaning of, the IDOC's obligations under Iowa law.

46.    Based on information and belief, the SOTP program operates pursuant to formal policies and procedures promulgated by the IDOC as well as informal practices of the administering facility.

47.    Certain incarcerated individuals, including all plaintiffs, must complete the SOTP as part of their sentence.

48.     Therefore, IDOC has a duty to give individuals, who must complete the SOTP as part of their sentence, a fair chance to complete the program in a timely manner.

49.     In order to enter the SOTP, individuals must sign a contract called the "Sex Offender Treatment Program Treatment Contract."

50.     The contract requires the SOTP participant to be "completely honest" and "take full responsibility for my actions" which specifically includes "all my current and past crimes and behaviors."

51.     As part of the SOTP, participants must discuss and write about their past crimes and sexual behaviors, including the crime(s) for which they were convicted that necessitated the SOTP and all past sexual behavior along with the person with whom the participant had a sexual relationship with.

52.     SOTP class instructors and program facilitators or administrators review participant's files from their criminal conviction, including witness and victim statements, and police reports.

53.     When participants are required to discuss their past behaviors and crime(s), they must "take full responsibility for [their] actions" as stated in the Treatment Contract.

54.     If a participant violates any rule in the contract, or is perceived to be "lying," they may be removed from SOTP.

55.     If the SOTP instructors and administrators determine that the participant is not being completely honest, they generally remove the participant from the SOTP.

56.     When a participant is discussing their past behaviors and crime(s), SOTP instructors and administrators require the participants to admit to whatever the victim

statements say, even if the participant was not convicted for their crime based upon the victim's statements.

57.     If the SOTP participant does not admit to or take responsibility for their victim's version of events, SOTP instructors and administrators accuse the participant of not being completely honest, and therefore violating their SOTP contract, even when the participant was not convicted of a crime which correlates to the victim's version of events.

58.     The SOTP instructors and administrators remove participants from the class/program if the participant does not admit to what the instructor and administrators believe happened, even if it has not been proven.

59.     SOTP participants must take and pass an "Honesty exam" to check that they have been honest in class, which usually takes the form of a voice stress analysis, or CVSA.

60.     The CVSA is used to pressure SOTP participants into admitting details of their behaviors and crime(s) unrelated to facts established by a fact-finder or admitted to as part of the participants conviction.

61.     The CVSA is used as an intimidation tactic, and if the SOTP participant does not admit what the administrators want them to, they will be removed from the class.

**III.    Inhumane Confinement Conditions**

62.     All inmates have incarcerated at Newton Correctional Facility.

63.     Inmates' cells are unsafe and have severe water leaks which leads to flooding in cells. These complaints have been made by Plaintiffs and other inmates.

64.     Inmates are subjected to freezing cold conditions in their cells. Inmates wear numerous layers of clothing and still are not warm.

65.     Inmates are subjected to insufficient, quality clothing for everyday wear. The clothing is ragged, thin, and needs replaced.

66.     The meals served at NCF do not meet legal standard. There are no hot kosher meals provided to Plaintiffs and other inmates.

67.     Inmates at NCF are served moldy and expired food daily.

68.     NCF continuously runs out of food when serving inmates, therefore some inmates end up getting peanut butter sandwiches instead of the normal food because adequate amounts of food are not available.

69.     Further, food is used as an award system for inmates for "good behavior" and as such, can be then taken away and a lower quality of food, with lower and inadequate calorie count, is then given to inmates.

70.     NCF is established with a capacity of approximately 1,000 but, as of the date of this filing, has a population of 1,188.

71.     NCF has permanently added additional beds to rooms which are already at capacity, further putting the inmates' health and safety at risk.

**IV.    Allegations Specific to Plaintiffs**

72.     All Plaintiffs have each been required by the IDOC to participate in and complete the SOTP prior to discharge and have been subjected to the inhumane confinement conditions at NCF.

**A.  Plaintiff Yates**

73.     Plaintiff Duane Yates (hereinafter Yates) is an incarcerated individual who is required to take and complete the SOTP at NCF as part of his sentence.

74.    Yates has been required to complete SOTP before being eligible for parole.

75.    Yates was kicked out of the SOTP and was not allowed to reenroll in the program for over a year.

76.    While being in SOTP, Yates was required to disclose all sexual interactions he had from childhood to present. He was forced to describe each encounter in detail, including the age of the other individual, where and when the sexual interactions took place, and the relationship between Yates and the individual.

77.    All of Yates' "thoughts and feelings" had to be even further explained with each interaction during his life.

78.    Voice stress analysis was used in order to determine Yates' "truthfulness" of each interaction. The truthfulness would also be determined by fact which had not be determined by a fact finder, nor had they been admitted as part of his conviction.

79.    During the time he was a participant in the SOTP, his cell mate was a dangerous and disagreeable person who Yates had constant disagreements with.

80.    Yates requested to be separated from his cell mate in every way he could to NCF staff and administration.

81.    Because NCF refused to separate Yates and his cell mate, the cell mate initiated a physical fight with Yates.

82.    Yates was removed from the SOTP due to this fight.

83.    As of the date of filing of this Complaint, Yates has not been reinstated to the SOTP or allowed to begin a new SOTP despite being willing and able to do so.

**B. Plaintiff Soto**

84.     Plaintiff David Soto (hereinafter Soto) is an incarcerated individual who is required to take and complete the SOTP at NCF as part of his sentence.

85.     On August 4, 2020, Soto began his SOTP class.

86.     Soto was an exemplary participant in the SOTP, did everything the instructor told him to do, and completed all of his work on time.

87.     Soto wrote his first disclosure, and his SOTP instructor determined that he had not included enough details, and that Soto was not being completely honest.

88.     Soto's SOTP instructor determined that Soto was not being honest because Soto's version of events differed slightly from the unsubstantiated victim's statements of events.

89.     Because the instructor determined that Soto's disclosure did not meet expectations, Soto was told to rewrite the disclosure and that he would have to pass a CVSA.

90.     Soto did not pass the CVSA because his version of events was slightly different from his victim's statements, which the SOTP administrators and CVSA administrator considered the truth.

91.     The story and extra details that the SOTP and CVSA administrators relied upon as the truth were neither found by a factfinder nor admitted by Soto's as supporting his conviction.

92.     Soto was removed from the SOTP class because the SOTP administrators required Soto to discuss and admit to things that were beyond the scope of his plea deal

14

and beyond the truth, meaning Soto would have had to lie to comply with the requirements of the SOTP administrators.

93.     Administrators continuously interrogated Soto about the events of his conviction, because even though he stated exactly what had happened in line with his conviction, they subjectively believed he was lying.

94.     Because of the Administrator's subjective idea that Soto was "lying," Soto was removed from the SOTP class on February 17, 2021, which was two days before he was set to finish the class.

95.     Soto was moved from a level 6 to a level 3 inmate at NCF because of his removal from SOTP, which resulted in him losing privileges like free time, extra food, and other privileges.

96.     Soto started the SOTP again on September 9, 2021, because of facilitators leaving and lack of staffing, his class is more than five weeks behind where it should be.

97.     This letter to an attorney took much longer than reasonable to be returned to Soto.

98.     Soto has had to sleep with a bucket on his bed in order to prevent a soaked bed from the leaking ceiling in his cell.

**C. Plaintiff Doss**

99.     Plaintiff Kenneth Doss (hereinafter Doss) is an incarcerated individual who is required to take and complete the SOTP at NCF as part of his sentence.

100.     Doss was required to complete SOTP as part of his sentence.

101.     Doss was in SOTP June of 2020 through July of 2020 but was pulled out for

unknown "outside reasons."

102.    Doss was later allowed to reenter the SOTP.

103.    During the initial disclosure for SOTP, Doss was forced to make statements regarding past sexual encounters not related to his present conviction.

104.    Voice stress analysis was used in order to determine the "truthfulness" of statements made, although the voice stress analysis is not admissible in a court of law to establish truthfulness.

105.    Doss has been unable to efficiently complete the SOTP due to the lack of staff, and the current staff are not properly licensed.

106.    A letter addressed to an attorney from Doss was "returned to sender," even though it had the correct address on the envelope and included the necessary stamps.

107.    NCF purposely mishandled Doss's legal mail.

### D. Plaintiff Gibbs

108.    Plaintiff Connor Gibbs (hereinafter Gibbs) is an incarcerated individual who is required to complete the SOTP at NCF as part of his sentence.

109.    Gibbs began his SOTP class in September 2020.

110.    As part of the Initial Disclosures, Gibbs was forced to disclose sexual interactions from childhood until present. Which included who the "victim" was, even though the sexual interactions were not crimes, when and where the interactions took place, the age of the individual, and the relationship between the two.

111.    Gibbs drafted his "Disclosure" and was told by his class instructor, Mr. Shannon, that the "Crime of Conviction" section of the draft was well-written.

16

112.    In between Gibbs draft of his Disclosure and presenting his disclosure to the class and instructor, the instructor Mr. Shannon took a vacation.

113.    When Mr. Shannon returned, Gibbs presented his Disclosure to the class and instructor with little to no changes to the "Crime of Conviction" section which was approved by Mr. Shannon.

114.    Upon reviewing the final draft of Gibbs' Disclosure, Mr. Shannon determined that Gibbs was not telling the truth or taking full responsibility for his actions based upon the "Crime of Conviction" section of the Disclosure.

115.    On December 9, 2020, Gibbs was suspended from the SOTP pending review.

116.    At Gibbs' SOTP program review, the treatment director said he knew Gibbs has a sexual attraction to minors, knew Gibbs' intent, and knew that Gibbs knew his victim was a minor.

117.    None of these allegations by the SOTP treatment director had been found by a fact finder or admitted to as part of his conviction.

118.    As a result of these conclusions, SOTP administrators and Gibbs' instructor determined that Gibbs had violated his Treatment Contract by not telling the truth.

119.    Gibbs requested a CVSA to prove that he was telling the truth, but was denied the opportunity to take the CVSA.

120.    Gibbs was removed from the SOTP at his program review.

121.    Gibbs was moved to Level 3 as a retaliatory measure shortly after being removed from SOTP, which means he gets less privileges including food and free time advantages.

122.    In July 2021, Gibbs was interviewed by Counselor Hobbs in order to receive a spot in his SOTP.

123.    In August, my cell was randomly searched and a book, which had been approved by Treatment Director Andrews in June, titled "Peak of Perfection: Nude Portraits of Dancers, Athletes and Gymnasts" was found. Although it had been approved, Gibbs was punished because it could have been seen as pornographic by someone else.

124.    Because Gibbs possessed the approved book, he was removed from the SOTP and appealed, but the appeal was denied.

125.    Gibbs' cell has had continual leaks from the ceiling, which Gibbs has notified NCF staff of continually.

126.    Nothing has been done to fix the leak, which shows the inhumane continuing conditions, which NCF staff has been notified about.

## CAUSES OF ACTION

### COUNT I
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FIFTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION**
***Right to be Free from Deprivation of Liberty Without Procedural Due Process of Law***
*(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)*

127.    Plaintiffs replead the preceding paragraphs as if fully set forth herein.

128.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos are all persons for the purpose of Section 1983 action for damages.

129.    At all times material hereto, Defendants Skinner, Sperfslage, Bagby,

Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos'

actions and/or omissions were made under the color of authority and law as officials for

the State of Iowa and IDOC.

130.    Plaintiffs, in addition to each and every member of the Putative Class, have

cognizable and fundamental interest in the ability to efficiently complete SOTP in order to

receive parole under Iowa law as guaranteed by the Fifth and/or Fourteenth Amendments

to the United States Constitution.

131.    Beginning with the IDOC's determination that the Plaintiffs must complete

the SOTP while incarcerated, the named Defendants caused and/or engaged in a pattern of

conduct that violated the Plaintiffs' clearly established constitutional right, to wit:

     a.  Failing to provide regularly schedule SOTPs;

     b.  Allocating insufficient resources to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by the IDOC;

     c.  Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

     d.  Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedure, as opposed to private sex-offense treatment programs; and

     e.  Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

132.    The named Defendants' arbitrary and wrongful course of conduct was

deliberately indifferent to the civil and constitutional rights of the Plaintiffs, and deprived

the Plaintiffs of their rights in an outrageous and shocking manner.

133.    The named Defendants violated the Plaintiffs' clearly established rights

under the Fifth and/or Fourteenth Amendment Right to the United States Constitution to be free from the deprivation of liberty without substantive due process of law.

134. The Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correction institutions and facilities.

135. The Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

136. The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

137. As a direct and proximate result of the named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including, but not limited to, past, present, and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    f.   Any other expenses allowed by federal or state law, including, but not limited to, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants as follows:

    a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation;

    b.   Plaintiff's costs in this action, including reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

    c.   Punitive damages; and

    d.   Such relief as the Court deems just and equitable.

## <u>COUNT II</u>
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### <u>*Right to Not be Compelled to Self-Incriminate*</u>
### *(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)*

138.    Plaintiffs replead the preceding paragraphs as if fully set forth herein.

139.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos are all persons for the purpose of a section 1983 action for damages.

140.    At all times material hereto, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

141.    Plaintiffs, in addition to each and every member of the Putative Class, have

a clearly established individual right to not be compelled to be a witness against themselves under Iowa law as guaranteed by the Fifth Amendment to the United States Constitution.

142.    Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP before being eligible for parole, the named Defendants caused and/or engaged in a pattern of conduct that violation the Plaintiffs' clearly established constitutional right to be free from compelled self-incrimination, to wit:

   a.  Being forced to identify all sexual encounters throughout their lives;

   b.  Being forced to identify and admit all details in the victim's accusations in their present offense, even if all were not proven or admitted to;

   c.  Being forced to identify all activities to the counselors satisfaction, regardless of the truthfulness of the forced statements;

   d.  Being forced to make statements not at all related to their present offenses which can then be used to further prosecute or civilly commit the individual.

143.    The named Plaintiffs have demonstrated a willingness and/or desire to participate in and complete the SOTP with regard to their present offenses and the truthfulness of that encounter.

144.    The named Plaintiffs are not afforded any procedural protection or immunity before being compelled to admit to all past "criminal" activity.

145.    The Plaintiffs are at the disposal of technology, which is inadmissible in court, to determine their truthfulness, as well the discretion of counselors who have no set standard to determine sufficient "completion" of adequate confessions.

146.    The named Defendants violated the Plaintiffs' Fifth Amendment Right to the United States Constitution to be free from compelled self-incrimination.

147.    The named Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' clearly established civil and constitutional rights by their unlawful administration of the IDOC correction institutions and facilities.

148.    The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorneys' fees and costs associated with prosecuting this action.

149.    The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

150.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those

similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

    a.  Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

## COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF EIGHTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Cruel and Unusual Punishment*
### *(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)*

151.  Plaintiffs replead the preceding paragraphs as if fully set forth herein.

152.  Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos are all persons for the purpose of a section 1983 action for damages.

153.  At all times material hereto, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

154.  The Plaintiffs, as incarcerated individuals, have a clearly established constitutional right to receive necessary medical care, including psychological or

psychiatric care, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This constitutional protection guards against the exercise of deliberate indifference toward the serious needs of an inmate.

155.    By requiring completion of the SOTP while incarcerated after a conviction for certain criminal offenses, the IDOC recognizes that conviction of these criminal offenses necessitates serious psychological or psychiatric care.

156.    Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has failed to provide the Plaintiffs with the necessary mental-health programming needed to appropriately treat and rehabilitate the Plaintiffs, and thereby deprived the Plaintiffs of their civil and constitutional rights.

157.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

158.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

159.    The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

160.    The named Defendants' conduct willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

161.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a.  Deprivation of constitutional rights;

b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

a.  Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and

costs pursuant to 42 U.S.C. § 1988;

c.   Punitive damages; and

d.   Such relief as the Court deems just and equitable.

## COUNT IV
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Afforded Humane Conditions of Confinement*
### *(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)*

162.   Plaintiffs replead the preceding paragraphs as if fully set forth herein.

163.   Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos are all persons for the purpose of a section 1983 action for damages.

164.   At all times material hereto, Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions and/or omissions were made under the color of authority of law as officials and/or employees of the IDOC.

165.   The Plaintiffs, as incarcerated individuals, have a clearly established constitutional right to be afforded humane conditions of confinement, as guaranteed by the Eighth Amendment to the United States Constition.

166.   The conditions and meals of NCF are inhumane, unsafe, and have put Plaintiffs at risk of injuries due to the poor conditions.

167.   Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen,

Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has failed to prove the Plaintiffs with the necessary humane confinement conditions needed, thereby deprived the Plaintiffs of their civil and constitutional rights.

168.    The named Defendants demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

169.    The named Defendants knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

170.    The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

171.    The named Defendants' conduct willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

172.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.  Deprivation of constitutional rights;

   b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instant action,

including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.   Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.   Punitive damages; and

d.   Such relief as the Court deems just and equitable.

## <u>COUNT V</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
***<u>Right to Equal Protection of the Law</u>***
***(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)***

173.   Plaintiffs replead the preceding paragraphs as if fully set forth herein.

174.   Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos are all persons for the purpose of a section 1983 action for damages.

175.   At all times material hereto, Defendants Skinner, Sperfslage, Bagby,

29

Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

176.    The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

177.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit:

     a.  Allocating insufficient funds and staff to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by IDOC;

     b.  Failing to promptly and regularly place the Plaintiffs into the SOTP and regularly continue SOTP;

     c.  Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedures, as opposed to private-sex offense treatment programs.

178.    The illegal and unconstitutional course of conduct undertaken by the named Defendants has resulted in the Plaintiffs being deprived of their statutory right to efficiently complete the SOTP in order to achieve parole, unlike inmates in other common treatment programs.

179.    The named Defendants' course of conduct was the cause of additional damages to the Plaintiffs, including emotional pain and suffering and attorneys' fees and costs associated with prosecuting this action.

180.    The named Defendants' conduct was willful, wanton, unlawful and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

181.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of constitutional rights;

   b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.   Punitive damages;

   e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

   a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

   b.   Plaintiff's cost in this action, including reasonable attorney fees and

costs pursuant to 42 U.S.C. § 1988;

c.    Punitive damages; and

d.    Such relief as the Court deems just and equitable.

## COUNT VI
### VIOLATION OF ARTICLE I, SECTION NINE OF THE IOWA CONSTITUION
***Right to Free from Deprivation of Liberty Without Procedural Due Process of Law***
***(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes,***
***Panknen, Scofield, Humiston, Vincent, and Ramos)***

182.    Plaintiffs replead the preceding paragraphs as if fully set forth herein.

183.    At all times material hereto, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions and/or omissions were made under the color or authority and law as officials and/or employees of the IDOC.

184.    Plaintiffs, in addition to each and every member of the Putative Class, have a clearly established individual liberty interest in efficiently completing SOTP in order to receive parole under Iowa law as guaranteed by article I, section 9 of the Iowa Constitution.

185.    Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP while incarcerated, the named Defendants caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right, to wit:

a.    Failing to provide regularly schedule SOTPs;

b.    Allocating insufficient resources to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by the IDOC;

c.    Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

    d.  Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedure, as opposed to private sex-offense treatment programs; and

    e.  Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

186.   The named Plaintiffs have demonstrated a willingness and/or desire to participate in and complete the SOTP.

187.   The named Plaintiffs have been provided no adequate explanation or notice regarding the lack of resources, expulsion, and/or exclusion from the SOTP.

188.   The named Defendants violated the Plaintiffs' clearly established article I, section 9 right under the Iowa Constitution to be free from the deprivation of liberty without procedural due process of law.

189.   The named Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

190.   The named Defendants' conduct was a cause of damages to the Plaintiffs.

191.   The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

192.   Plaintiffs hereby request reasonable attorneys' fees and costs associated with prosecuting the action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

193.   As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered

in the past and will suffer in the future, including:

   a.  Deprivation of constitutional rights;

   b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Pannken, Scofield, Humiston, Vincent, and Ramos as follows:

   a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

   b.  Plaintiff's cost in this action, including reasonably attorneys' fees and costs at common law;

   c.  Punitive damages; and

   d.  Such relief as the Court deems just and equitable.

### <u>COUNT VII</u>
**VIOLATION OF ARTICLE I, SECTION SEVENTEEN OF THE IOWA CONSTITUTION**
*<u>Right to be Free from Cruel and Unusual Punishment</u>*
***(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes,***

*Panknen, Scofield, Humiston, Vincent, and Ramos)*

194.    Plaintiffs replead the preceding paragraphs as if set forth herein.

195.    At all times material hereto, named Defendants' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

196.    The Plaintiffs, as incarcerated individuals, have a clearly established constitutional right to be afforded humane conditions of confinement, as guaranteed by article I, section 17 of the Iowa Constitution. This constitutional protection guards against the exercise of deliberate indifference toward the serious medical needs of an inmate.

197.    By requiring completion of the SOTP while incarcerated after a conviction for certain criminal offenses, the IDOC recognizes that conviction of these criminal offenses necessitates serious psychological or psychiatric care.

198.    Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has failed to provide the Plaintiffs with the necessary mental-health programming needed to appropriately treat and rehabilitate the Plaintiffs, and thereby deprived the Plaintiffs of their civil and constitutional rights.

199.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

200.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford,

Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

201.    The named Defendants' conduct was a cause of damages to the Plaintiffs.

202.    The named Defendants' conduct willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

203.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of constitutional rights;

   b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.   Punitive damages;

   e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as

follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Plaintiff's cost in this action, including reasonable attorney fees and costs at common law;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

<u>COUNT VIII</u>
**VIOLATION OF ARTICLE I, SECTION SEVENTEEN OF THE IOWA CONSTITUTION**
***<u>Right to be Afforded Humane Conditions of Confinement</u>***
***(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)***

204.    Plaintiffs replead the preceding paragraphs as if fully set forth herein.

205.    At all times material hereto, named Defendants' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

206.    The Plaintiffs, as incarcerated individuals, have a clearly established constitutional right to be afforded humane conditions of confinement, as guaranteed by article I, section 17 of the Iowa Constition. This constitutional protection guards against the exercise of deliberate indifference toward the serious confinement conditions of an inmate.

207.    The Plaintiffs, as incarcerated individuals, have a constitutional right to be afforded humane conditions of confinement, as guaranteed by the Eighth Amendment to the United States Constition.

208.    The conditions and meals of NCF are inhumane, unsafe, and have put

Plaintiffs at risk of injuries due to the poor conditions.

209.    Based on the policies, procedures, and reckless practices of the IDOC, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has failed to prove the Plaintiffs with the necessary humane confinement conditions needed, thereby deprived the Plaintiffs of their civil and constitutional rights.

210.    The named Defendants demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

211.    The named Defendants knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

212.    The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

213.    The named Defendants' conduct willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

214.    As a direct and proximate result of named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of constitutional rights;

   b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

c. Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

a. Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b. Plaintiff's cost in this action, including reasonable attorney fees and costs at common law;

c. Punitive damages; and

d. Such relief as the Court deems just and equitable.

## COUNT IX
## VIOLATION OF ARTICLE I, SECTION SIX OF THE IOWA CONSTITUTION
### *Right to Equal Protection of the Law*
***(Against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos)***

215. Plaintiffs replead all preceding paragraphs as if fully set forth herein.

216. At all times material hereto, Defendant Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos' actions

and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

217.    The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by article I, section 6 of the Iowa Constitution.

218.    Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit:

    a.  Allocating insufficient funds and staff to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by IDOC;

    b.  Failing to promptly and regularly place the Plaintiffs into the SOTP and regularly continue SOTP;

    c.  Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedures, as opposed to private-sex offense treatment programs.

219.    The illegal and unconstitutional course of conduct undertake by the named Defendants has resulted in the Plaintiffs being deprived of their statutory right to efficiently complete the SOTP, unlike inmates in other common treatment programs, and the Plaintiffs being deprived of receiving parole based on not completing SOTP.

220.    The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and constitutional rights, justifying an award of punitive damages.

221.    Plaintiffs hereby request reasonable attorneys' fees and costs associated with

prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

222.    As a direct and proximate result of the named Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future, including:

a.  Deprivation of constitutional rights;

b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos as follows:

a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

c.  Punitive damages; and

d.  Such relief as the Court deems just and equitable.

## COUNT X
## RESPONDEAT SUPERIOR
### *(Against Defendant Iowa Department of Corrections)*

223.    Plaintiffs replead all preceding paragraphs as if fully set forth herein.

224.    At all times material hereto, an employer-employee relationship existed between the Defendant IDOC, as employer, and Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos, as employees.

225.    At all times material hereto, Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos were acting within the scope of their employment with Defendant IDOC.

226.    Under the doctrine of *respondeat superior*, Defendant IDOC is liable for the aforementioned conduct and/or omissions of Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos.

227.    As a result of the conduct and/or omissions of Defendants Skinner, Sperfslage, Bagby, Howard, Andrew, Crawford, Mayes, Panknen, Scofield, Humiston, Vincent, and Ramos, the named Plaintiffs and members of the Putative Class have sustained damages and injuries as previously set forth in this Complaint.

**WHEREFORE**, the Plaintiffs, Yates, Doss, Soto, and Gibbs, and on behalf of those similarly situated, pray for Judgment against Defendant IDOC as follows:

a.  Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiffs' cost in this action, including reasonable attorney fees and interest and costs as allowed by law;

c.  Such other relief as the Court deems just and equitable under the circumstances.

## REQUEST FOR RELIEF

**WHEREFORE**, in addition to the relief requested *supra*, Plaintiffs respectfully request that this Court:

a.  Order that Plaintiffs may maintain this action as a class action pursuant to Rules 23(a) and (23)(b)(2) Federal Rules of Civil Procedure and issue a certification order pursuant to Rule 23(c). The undersigned further requests he be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

b.  Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, declare unconstitutional and unlawful Defendants' conduct as alleged herein as a violation of the Plaintiffs' right to be free from harm and substantial risks of serious harm under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; the Eighth Amendment to the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and/or the provisions of the Iowa Constitution that have been violated as alleged herein.

c.  Grant permanent injunctive relief to enjoin the Defendants from subjecting Plaintiffs to policies, procedures, and/or practices that violate the Plaintiffs' federal and state constitutional rights, including as follows:

   i.  Order Defendants to place the Plaintiffs into the SOTP at NCF, or alternatively, to authorize placement in any private treatment program, in order to ensure the provision of sufficient sex-offender treatment programming and rehabilitate the Plaintiffs during incarceration;

   ii.  Order the Defendant IDOC to ensure adequate resources and/or funding for the SOTP to provide for the same level of services as other state-mandated treatment programs, such as

substance abuse treatment or domestic abuse treatment;

    iii.    Enjoin the Defendants from recognizing only the NCF's SOTP as sufficient to fulfill an inmate's obligation to participate in and complete sex-offender treatment prior to discharge;

    iv.    Order the Defendants to recalculate and attribute the Plaintiffs' accrued earned-time credit under Iowa Code section 903A.2 to reflect each day that the Plaintiffs demonstrated good conduct and demonstrated a willingness and/or desire to participate in the SOTP despite the IDOC's decision to not place the Plaintiff into the SOTP.

d.    Actual, compensatory, consequential, and all other allowable damages against Defendants, and costs associated with this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or common law;

e.    Grant such other relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all claims to which Plaintiffs are entitled to a jury.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY:   */s/ Matthew M. Boles*

Matthew M. Boles    AT0001037
Adam C. Witosky    AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email: mboles@gbswlaw.com
awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFFS**